This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40748

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**BRITTANY V.,**

Respondent-Appellant,

and

**LEROY M.,**

Respondent,

**IN THE MATTER OF KHLOE M.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY
Kathleen A. McGarry, District Court Judge**

Children, Youth & Families Department
Mary E. McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Assistant Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Law Office of Caroline Bass
Caroline Bass
Santa Fe, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Respondent-Appellant Brittany V. (Mother) appealed following the termination of her parental rights. We previously issued a notice of proposed summary disposition in which we proposed to uphold the underlying decision. Mother has filed a memorandum in opposition. After due consideration, we affirm.

**{2}** We set forth the relevant background information and principles of law in the notice of proposed summary disposition. Rather than reiterating, we will focus on the content of the memorandum in opposition.

**{3}** Mother continues to challenge the sufficiency of the evidence to establish the reasonableness of Children, Youth & Families Department (the Department's) efforts to assist her in addressing her substance abuse issues. [MIO 7-10] We remain unpersuaded. As described in the notice of proposed summary disposition, in addition to providing for random drug and alcohol screening from the outset, the Department made numerous referrals to drug and alcohol treatment programs. [CN 3-4] Mother failed to comply with screening, failed to appear at scheduled evaluations, failed to maintain contact with the Department, and ultimately failed to follow through on outpatient treatment, subsequently relapsing into fentanyl abuse. [CN 3-4] Although inpatient treatment at the outset might have been preferable, we conclude that the Department's efforts were reasonable, particularly in light of Mother's failure to meaningfully participate in the many services that were provided to her. *See State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶¶ 23, 28, 132 N.M. 299, 47 P.3d 859 (explaining that "[w]hat constitutes reasonable effort may vary with a number of factors, such as the level of cooperation demonstrated by the parent," and that "our job is not to determine whether [the Department] did everything possible; our task is limited by our statutory scope of review to whether [the Department] complied with the minimum required under law").

**{4}** Mother also renews her challenge to the district court's treatment of certain testimony that was proffered at the adjudicatory hearing. [MIO 10-12] As we observed in the notice of proposed summary disposition, the timeliness and relevance of this issue is doubtful. [CN 5-6] In any event, for the reasons previously described, [CN 6] the district court's handling of the matter was well within its discretion. Nothing within the memorandum in opposition persuades us otherwise.

**{5}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{6}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**